

FILED BY _____ D.C.

DEC 13 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PATRICIA KENNEDY, Individually,

        Plaintiff,

Case No. 19-cv-62808-RKA

v.

EMRE S. SARIHAN d/b/a Ashley Brooke Motel,

        Defendant.

_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, EMRE S. SARIHAN d/b/a Ashley Brooke Motel ("Defendant"), and files this Motion to Dismiss the Complaint filed by Plaintiff, PATRICIA KENNEDY, and in support thereof, states as follows:

1. Plaintiff served her Complaint on the Defendant on November 16, 2019 for alleged ADA violations concerning the Website of the Ashley Brooke Motel.

2. Defendant is a small business owner who purchased the building/motel approximately 20 years ago.

3. The building was built in the 1960's.

4. Defendant resides at the motel and has resided there since his purchase of same.

5. The building is not incorporated so Defendant can use the property as homestead property.

6. Defendant is the only full time employee.

7. Defendant hired a part-time housekeeper to help clean every Monday, Wednesday and Friday.

8. Defendant's website at Ashleybrookeresort.com is a new site which was recently created through WIX. The website is a work in progress and nowhere did WIX advise as to ADA compliance.

9. Defendant had the online reservation system shut down so no one has ever booked a room using the website. As such, Plaintiff has never used the website to book a room.

10. All on-line bookings for the Ashley Brooke Motel are through Expedia and/or Booking.com.

11. With Booking.com and Expedia (who also own Travelocity, Hotels.com, and Orbitz), Defendant only releases 1 of each type of room at the motel (1 standard room, 1 queen studio, 1 queen deluxe, 1 king deluxe and a 1 bedroom apartment).

12. Out of the 15 rent-able rooms at the Ashley Brooke, both Expedia and Booking.com share 5 rooms. When one room books on one site, Defendant closes that type of room on the other site. All other rooms are booked directly through

the motel by telephone and/or walk-ins. Plaintiff never tried to book a room via telephone or walk-in.

13. It is Defendant's understanding that if you have an accessible room then you must rent that as your last room. So if Defendant only rents out 5 of his 15 rooms using Expedia and Booking, Defendant would not have to list an accessible room on his website.

14. Immediately after Defendant was served with a copy of the Complaint in this matter, Defendant called both Expedia and Booking.com and had them update the sites.

15. Based on the fact that the website has been shut down, Defendant requests that Plaintiff's claim for injunctive relief be dismissed.

16. Upon review of this Court's records, it appears that Plaintiff is named as a plaintiff, for the same if not similar claims, in 1,266 cases, 760 of which are filed in the Southern District of Florida.

17. A review of three of the complaints, filed July 25, 2019, November 10, 2019 (the date before this action was filed) and November 11, 2019 (the very same day this action was filed), shows the very same exact language as the Complaint in this case. As such, any attorney's fees incurred by Plaintiff with respect to this matter is minimal, as the complaints are clearly cut and pastes.

WHEREFORE, the Defendant, EMRE S. SARIHAN d/b/a Ashley Brooke Motel, prays this Honorable Court enter an Order dismissing Plaintiff's Complaint in its entirety.

By: _____
Emre S. Sarihan

### CERTIFICATE OF SERVICE

A true and correct copy of foregoing was filed this 13th day of December, 2019, to: Theresa B. Edwards, Esq., [Theresa@americanjusticepa.com], *Counsel for Plaintiff,* 412 NE 4th Street, Ft. Lauderdale, FL 33301.

By: _____
Emre S. Sarihan